Ivan C. McLEOD, Regional Director of the Second Region of the National Labor Relations Board, FOR AND ON BEHALF OF the NATIONAL LABOR RELATIONS BOARD, Petitioner-Appellee,

v.

UNITED AUTO WORKERS OF AMERICA, LOCAL 365, AFL-CIO, Respondent-Appellant.

No. 262, Docket 27343.

United States Court of Appeals Second Circuit.

Argued Jan. 15, 1962.

Decided Jan. 19, 1962.

Solomon B. Marcus, Brooklyn, N. Y., for respondent-appellant.

Jacques Schurre, New York City, for petitioner-appellee.

A. V. Cherbonnier, New York City, for Charging Party, Harris Intertype Corp.

Before MEDINA, MOORE and SMITH, Circuit Judges.

PER CURIAM.

Local 365 of the International Union, United Automobile, Aircraft and Agricultural Implement Workers of America (UAW), AFL-CIO, herein called United Auto Workers of America, Local 365, AFL-CIO, appeals from an order granting a temporary injunction, issued under Section 10(l) of the National Labor Relations Act, 29 U.S.C.A. § 160(l), by Judge Bartels. This temporary injunction was issued in a suit brought by the Regional Director of the Second Region of the National Labor Relations Board, and it restrains the Union from picketing at or in the vicinity of the premises of Eagle Warehouse & Storage Company, Inc., or by any means inducing or encouraging employees of Eagle to refuse to handle any goods or perform any services, or to threaten, coerce or restrain Eagle for the purpose of forcing or requiring Eagle "to cease using, selling, handling, transporting, or otherwise dealing in the products of, or to cease doing business with, Intertype Company, a division of Harris Intertype Corp." In other words, a charge having been filed with the Board accusing the Union of a secondary boycott, in violation of

Section 8(b) (4) (i) and (ii) (B) of the Taft-Hartley Act, as amended, the Regional Director sought a temporary injunction restraining the continuance of certain activities of the Union, consisting principally of a picket line at the premises of Eagle, although the labor dispute then in effect consisted of certain demands of the Union against Intertype in connection with the negotiation of a new collective bargaining agreement between the Union and Intertype, the contract formerly in effect having expired.

Judge Bartels issued the temporary injunction, to take effect at 12:01 A. M. on Tuesday, January 16, 1962. Having filed a notice of appeal from Judge Bartels' order, the Union made a motion returnable in this Court at 10:30 A. M. on Monday, January 15, 1962, for a stay of the temporary injunction. By stipulation of the parties and by order of this Court the motion for the stay and the appeal itself were argued together during the afternoon of Monday, January 15, 1962.

As it was apparent that the issue was whether there was evidence sufficient to support the Findings of Fact by Judge Bartels and whether any of these Findings should be set aside as clearly erroneous, all of which depended upon a reading of the testimony of some fourteen witnesses taken at the hearing before Judge Bartels on the application for the temporary injunction, we granted a stay until noon on Friday, January 19, 1962, and in the interval have studied the transcript together with the briefs and other papers in the record.

We refer to the opinion of Judge Bartels, filed January 11, 1962, D.C., 200 F.Supp. 778, and to his Findings of Fact and Conclusions of Law, filed on the same date, for the details of the controversy. We have concluded that none of the Findings of Fact should be set aside as clearly erroneous, and that there is substantial evidence to support each of the Findings. Moreover, there is specific testimony to the effect that the crates of machines in question were removed to Eagle prior to the strike, and prior to the picketing, because financial arrangements relative thereto, consummation of which was a prerequisite to shipping, had not been completed.

Affirmed.